**GMBB, INC., Plaintiff,**

v.

**TRAVELERS INDEMNITY COMPANY, Defendant.**

**No. 99–CV–60658–AA.**

United States District Court, E.D. Michigan, Southern Division.

April 11, 2000.

466

Michael H. Fabian, Fabian, Sklar & Davis, P.C., Farmington Hills, MI, for Plaintiff.

Todd B. Denenberg, Grotefeld & Denenberg, L.L.C., Bingham Farms, MI, for Defendant.

## ORDER OF DISMISSAL

STEEH, District Judge.

Now before the court is defendant Travelers Indemnity Company's (Travelers') motion to dismiss (1) for plaintiff's failure to name an indispensable party whose joinder here would destroy diversity, which is the only basis for jurisdiction, and (2) because this court must abstain under the *Colorado River* doctrine based on the existence of a parallel state proceeding. For the reasons discussed below, defendant's motion must be granted and this action shall be dismissed.

## BACKGROUND

GMBB INC. operates a clothing store in Southfield, Michigan. On June 13, 1999, a storm caused water damage to the roof leading to damage to clothing. GMBB was insured against such a loss through a policy issued by Travelers. Huntington Cleaners (Huntington) cleaned about 20,-000 garments through a work order allegedly authorized by GMBB. That work order provides that Travelers would pay the cleaning bill under the GMBB policy. Although GMBB now denies that it authorized the work order, Travelers has submitted a copy of the order which appears to have been signed by GMBB. GMBB claims that it was tricked into allowing Huntington to remove the clothing from the store based on alleged assurances that Travelers would pay Huntington for the cleaning. The parties dispute whether Huntington Cleaners submitted its bill to GMBB or to Travelers, but they agree that the amount charged comes to $208,-482.37. Travelers issued a check in this amount payable to GMBB and Huntington. GMBB refused to endorse the check to Huntington. As a result, Travelers filed an interpleader suit in Oakland County Circuit Court against GMBB and Huntington. In that suit, Travelers seeks to deposit $208,482.37 with the court to have the court determine how those funds should be apportioned as between GMBB and Huntington. In its complaint, Travelers further asks the state court to determine all claims under the policy and to resolve any dispute as to the total amount owing under the policy. GMBB sought to remove that action to this court, but voluntarily dismissed the case upon the court's order to show cause why the case should not be remanded. GMBB is a Michigan defendant and was not entitled to remove the action from a Michigan state court. 28 U.S.C. § 1441(b).

In the suit GMBB filed here against Travelers only, GMBB seeks to recover the actual cash value and replacement cost

of the damaged clothing under the terms of the policy. It contends that despite cleaning by Huntington, the clothing is a total loss as it can no longer sell the goods as new clothing. Travelers disputes this claim. GMBB submitted a proof of loss for contents in the amount of $967,095.01. Although not named as a party in this suit, Huntington seeks $208,482.37 under the same policy, for allegedly restoring the garments. In the state court case, Travelers claims GMBB promised to provide payment for Huntington's services directly from the Travelers' insurance policy. The policy limit is $742,846. Accordingly, the policy appears inadequate to cover the total claims of GMBB alone, let alone the claims of GMBB and Huntington combined.

Travelers seeks dismissal of the action filed here on the grounds that Huntington is a "necessary" party under Fed.R.Civ.P. 19(a), but since Huntington is an "indispensable" party whose joinder will defeat diversity jurisdiction, dismissal of the suit is required pursuant to Rule 19(b). In the alternative, Travelers contends that the court should dismiss the case based on the abstention doctrine set forth in the Supreme Court's seminal decision in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). GMBB counters that Huntington is not a necessary party because the dispute between Travelers and Huntington is separate and distinct from the insurance coverage dispute now before this court. In support of this argument, GMBB submitted a supplemental response brief, not authorized under the local rules, without leave of court or stipulation of defendant. Travelers asks by letter that the improvidently filed supplemental response brief be stricken from the record. GMBB responds by letter that the brief is necessary as it incorporates a one page order from the case pending in Oakland County Circuit Court which GMBB contends supports its position here. Although Travelers is correct that the brief is not a proper filing, even when it is considered,

the result here is the same: the case must be dismissed.

## DISCUSSION

### A. *Dismissal for Failure to Name Indispensable Party*

In order to determine whether dismissal is proper for failure to name a necessary party whose joinder is not feasible, the district court must engage a three-part test. *Soberay Machine & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 764 (6th Cir.1999) (citing Fed.R.Civ.P. 19). First, the court must determine whether the person is a necessary party under Rule 19(a) which provides:

**Rule 19. Joinder of Persons Needed for Just Adjudication**

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if

(1) in the person's absence complete relief cannot be accorded among those already parties, or

(2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may

(i) as a practical matter impair or impede the person's ability to protect that interest or

(ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and

joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

Fed.R.Civ.P. 19(a). Upon proof that the joinder of the absent party is necessary, the second inquiry is whether joinder is feasible. If not, the third inquiry is whether the case must be dismissed under the four factors identified in Rule 19(b):

> (b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b).

■ In this case, Huntington is a necessary party under Rule 19(a) as it seeks to recover monies under the same insurance policy as GMBB. Failure to include Huntington here might subject Travelers to multiple or inconsistent obligations under the policy based on the parallel state proceeding. Fed.R.Civ.P. 19(a)(2). For example, this court might deny plaintiff's claim here that the clothing was a total loss based on a finding that Huntington restored the clothing in accordance with the terms of the insurance policy.[1] In order to make this determination, this court must decide the same issue now before the state court: whether or not the insured authorized Huntington to restore the clothing in consideration for its promise to pay for the restoration with insurance policy proceeds. This court's determination of that question will turn on whether the insured's employee who signed the "WORK AUTHORIZATION AND INSURED'S AUTHORIZATION TO RESTORE ITEMS AND BILL INSURANCE COMPANY" agreement had actual or apparent authority to do so, and related questions of agency law. This question will require consideration of the work authorization, a copy of which is attached to this opinion. In that agreement, signed by the insured's alleged agent, GMBB promised, "[o]ur Insurance Company is TRAVELER'S and I authorize them to pay all proceeds due Huntington Cleaners payable under our policy directly to Huntington Cleaners. If our names are included on the payment, we agree to promptly endorse said payments to Huntington Cleaners (within 3 days of receipt)." The insured's argument here, that this court cannot and should not consider the alleged restoration of clothing by Huntington in determining whether coverage is owed under the policy, is specious. There is simply no basis for this court to divorce the question of whether the insured authorized Huntington to restore the damaged garments from the question of whether coverage is due to the insured. GMBB's contention that the state court lawsuit is merely a collection suit involving a determination of who has liability to Huntington is misguided. That lawsuit was not even initiated by Huntington, but rather by the insurance carrier Travelers, who has sought to interplead insurance policy proceeds to resolve its coverage dispute with GMBB. Both sides conceded at oral argument that after their attempts to informally resolve the coverage dispute came to a dead end, they raced to the courthouse, with the insurer filing first in state court,

---

1. Neither side has filed a copy of the insurance policy at issue.

and the insured filing shortly thereafter in this forum.

The question of whether the clothing was restored, as Travelers contends, or whether such restoration was never authorized and the garments are a total loss, as the insured claims, necessarily involves the same factual and legal issues now before the state court. It is possible that the state court may reach a different conclusion than this court on the same issues; for example, the state forum might find that the insured did not authorize Huntington to restore the clothing in exchange for payment from insurance policy proceeds. Unless this court and the state court reach identical conclusions, inconsistent verdicts will result, thus subjecting Travelers to a Hobson's choice as compliance with one court order will place Travelers at risk of being held in contempt in the other forum. The fact that the policy limit is insufficient to cover the alleged losses of GMBB and the costs of dry cleaning the clothing is also significant because not only would Travelers risk inconsistent verdicts were both the state and federal actions to proceed, but as a practical matter, the insurance proceeds are inadequate to cover such inconsistent verdicts as well.

■ Having found that Huntington was a "necessary party" at the time the complaint was filed, Huntington may not be joined as a defendant here as its joinder would destroy diversity jurisdiction. *Grant County Deposit Bank v. McCampbell,* 194 F.2d 469, 471 (6th Cir.1952) (citing *Baltimore & O R Co. v. Parkersburg,* 268 U.S. 35, 38, 45 S.Ct. 382, 69 L.Ed. 834 (1925)). Although joinder of Huntington as a party plaintiff would not destroy diversity jurisdiction, as Travelers is a citizen of Connecticut, Huntington may not be joined as an involuntary plaintiff as its dispute is with GMBB, not Travelers. Travelers has already agreed to pay Huntington with insurance proceeds for the full amount billed to restore the damaged garments, and in fact has issued the check to pay for such services, but GMBB has re-fused to endorse the insurance proceeds to Huntington.

Having found that Huntington is a necessary party and that joinder is not feasible, the final inquiry is whether dismissal is warranted or whether the case should proceed without Huntington; in other words, whether or not Huntington is "indispensable." In reaching this decision, the court is guided by the four factors identified in Rule 19(b). *See Keweenaw Bay Indian Community v. Michigan,* 11 F.3d 1341, 1345 (6th Cir.1993). Those factors are: (1) the extent to which a judgment rendered in Huntington's absence would prejudice Huntington or Travelers or GMBB, (2) the extent to which the prejudice could be lessened by protective provisions in the judgment, (3) whether a judgment entered in the absence of Huntington would be adequate, and (4) whether GMBB will have an adequate remedy if the action is dismissed. *See* Fed.R.Civ.P. 19(b).

■ An analysis of the factors identified above militates in favor of dismissal. First of all, the entry of judgment in this case without the inclusion of Huntington would prejudice both parties as well as the absent party. Huntington has an interest in the finite insurance proceeds available under the Huntington policy. It will not be able to protect that interest should this action go forward without it and all the proceeds be awarded to GMBB. Second, GMBB has failed to show how judgment could be fashioned to protect Huntington from the prejudice which will result if the insurance coverage dispute proceeds without Huntington's presence. GMBB merely denies that Huntington's work in allegedly restoring the garments at issue, whose alleged total loss forms the basis for GMBB's claimed entitlement to insurance proceeds, is in any way related to the instant dispute. Such a position defies the obvious reality of the situation here. The crux of the dispute is whether GMBB authorized Huntington to restore clothing in consideration for payment under its policy

with Travelers, and whether or not Huntington in fact restored the clothing under that agreement. The fact that the state court judge issued an order denying Huntington's motion for release of funds due to a factual dispute as to whether or not GMBB authorized Huntington to perform work does not, contrary to GMBB's position, suggest that the two lawsuits involve different issues. To the contrary, it is the determination of this question which will determine whether or not GMBB is entitled to coverage under the policy at all. If coverage is owed, Travelers contends, and GMBB has not disputed, that the extent of any recovery is subject to an appraisal process, which is non-judicial, under the policy. GMBB does not dispute that it is currently holding a check in the amount of $208,482.37 which Travelers has issued in the names of both GMBB and Huntington, for payment of the cleaning services performed, and has refused to endorse it. Under these circumstances, there does not appear to be a way for the court to allow the action between GMBB and Travelers to proceed under the theory that any judgment entered could be fashioned to alleviate the potential prejudice to Huntington. Third, since any judgment entered requires a determination of whether the insured authorized Huntington to restore the clothing in exchange for payment from insurance proceeds, it smacks of unfairness to reach this determination without including Huntington as a party. Although a ruling here that GMBB did not authorize Huntington to restore the clothing would not preclude Huntington from bringing a subsequent action against GMBB or Travelers for payment, it would waste judicial resources and the parties' time to unnecessarily create multiple and piecemeal litigation, especially when all the parties are already litigating the entire matter in state court. Furthermore, although it may be possible for Huntington to bring subsequent litigation, such litigation, even if successful, may be meaningless if the policy limit is already exhausted. Fourth, GMBB has an adequate remedy in the state court proceeding for its claim against Travelers. All of the claims which GMBB seeks to bring against Travelers arise solely under state law; thus it appears that the Oakland County Circuit Court has a significant interest in the outcome.

Travelers correctly points out that *Soberay Machine*, 181 F.3d at 764 requires dismissal here. In that case, the Sixth Circuit dismissed an action for the plaintiff's failure to join a necessary party whose presence would destroy diversity jurisdiction under facts less convincing that those presented here. In *Soberay Machine*, a seller of used machinery brought suit against the ultimate buyer for nonpayment, but not against the intermediate supplier who purchased the machinery from plaintiff and sold it to defendant under a separate contract. *Id.* at 762. The majority panel found that the intermediate supplier was a real party in interest as it had received full payment for the machinery from defendant; it had entered into a separate contract with plaintiff, and plaintiff originally sought relief against the supplier and defendant in state court and only dropped the supplier after it filed for bankruptcy. *Id.* at 769. The court also noted that the supplier was a real party in interest because any judgment against the defendant would require defendant to pay funds that it had already paid the supplier and leave defendant with no remedy but to seek relief against the supplier. *Id.* at 764. A similar situation exists here where if GMBB prevails against Travelers, which appears to require a showing that Huntington failed to restore the garments as promised, then Travelers might subsequently be subject to litigate against Huntington as to whether it also owes Huntington under the same policy for cleaning services. Such multiple proceedings would likely lead to inconsistent and duplicative obligations on Travelers' part. In its papers, GMBB has failed to distinguish this action from *Soberay*.

This case is more closely analogous to *Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701 (3d Cir.1996) which Travelers also relies upon in support of dismissal here. In that case, decedent's brother brought suit in federal court to recover insurance proceeds from the decedent's life insurance contract. *Id.* at 703. A receiver for the decedent's law firm had already brought a state court action for the same insurance proceeds in state court on the grounds that decedent purchased the policy with funds he misappropriated from his clients accounts. *Id.* The district court dismissed for lack of jurisdiction on the grounds that the party acting as a receiver in state court was an indispensable party in the federal action, but his joinder would defeat diversity of citizenship. *Id.* Although the court found that the receiver would have a full and fair opportunity to litigate the issue in state court, and the federal judgment would have no preclusive effect there, the receiver was nevertheless a necessary party on the grounds that without his presence in the federal case, the insurance company might be subjected in multiple and possibly even inconsistent obligations. *Id.* at 705–06. In addition, the Third Circuit noted that existence of the state court action would subject the parties to needless multiple litigation. *Id.* at 706. Having found that the state court receiver was a necessary party, the court then found that he was "indispensable" under the fourth Rule 19(b) factor only: whether the plaintiff will have an adequate remedy if the federal action is dismissed. *Id.* at 706. Finding that the plaintiff could adjudicate the insurance coverage dispute in the state court proceeding, the Third Circuit affirmed dismissal without even considering the other three factors. Based on the same reasoning discussed in *Angst*, equity and good conscience require that this action not proceed in Huntington's absence. GMBB can fully litigate its insurance coverage dispute in the state court proceeding pending in Oakland County Circuit Court.

### B. *Dismissal under Colorado River Doctrine*

■ Dismissal is also warranted under the *Colorado River* doctrine. Under that doctrine, a federal court may abstain from deciding a federal court action in deference to a pending state proceeding in certain extraordinary circumstances. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). *Colorado River* abstention is a doctrine of judicial economy which derives from principles of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 817, 96 S.Ct. 1236 (citations omitted). Its purpose is "to avoid duplicative litigation." *Id.* Although the doctrine exists, the Supreme Court has cautioned federal courts that they should abstain only in the face of concurrent state proceedings in exceptional cases due to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* The Court clarified the doctrine in *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). In that case, the Court outlined five factors which the district court must weigh in determining whether to abstain under the *Colorado River* doctrine. Those factors are:

(1) whether federal or state law provides the basis for decision of the case;

(2) whether either court has assumed jurisdiction over any *res* or property;

(3) whether the federal forum is less convenient to the parties;

(4) avoidance of piecemeal litigation; and,

(5) the order in which jurisdiction was obtained.

*Moses H. Cone Mem. Hosp.*, 460 U.S. at 15–16, 103 S.Ct. 927.

■ Before even addressing the five factor analysis set forth above, however, the Sixth Circuit requires that the district court first determine whether a parallel

state court action exists, "otherwise the district court would have nothing in favor of which to abstain." *Baskin v. Bath Twp. Bd. of Zoning Appeals*, 15 F.3d 569, 571 (6th Cir.1994). The Sixth Circuit first stressed the importance of the presence of a parallel state proceeding in *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28 (6th Cir.1984). In that case, the Sixth Circuit held that the district court improperly abstained from deciding plaintiffs' 42 U.S.C. § 1983 challenge to their conditions of confinement. *Id.* at 32. The district court had abstained under the *Colorado River* doctrine on the grounds that a parallel state court proceeding existed. *Id.* at 30. The Sixth Circuit disagreed and reversed the lower court explaining that although the state court proceeding was brought by the same prisoner-plaintiffs, it was filed against different defendants, over a different period of time, and did not involve the same issues of fact. *Id.* at 31. The Sixth Circuit also rejected defendants' argument that the state action could be modified to make it identical to the federal claim. *Id.* The court stressed that the issue is whether the state court proceeding "as it *currently* exists, *is* a parallel, state-court proceeding." *Id.* at 31 (emphasis in original). Finding that no parallel state court proceeding existed, the court determined that *Colorado River* abstention was inappropriate. *Id.* at 32.

■■■ In this case, by contrast, abstention is required under the *Colorado River* doctrine. The state proceeding is a parallel proceeding, involving the same issues and parties. Travelers brought an interpleader action in state court, seeking to deposit insurance proceeds in the amount of $208,482.37 with the court, that being the amount Huntington charged for allegedly restoring the damaged clothing, and asking the court to divide those proceeds as between GMBB and Huntington. Travelers' complaint further asks the state court to adjudicate all claims by GMBB and Huntington as to any and all other amounts due under the policy, and asks that should either one seek payment under the policy in excess of the amount charged to clean the clothing, that the amount also be interpleaded and placed into appraisal pursuant to the terms of the policy. (State Court Complaint, ¶ 19). GMBB's contention that the state proceeding is merely a collection suit over the Huntington cleaning does not ring true. The court's reading of that interpleader action, and the only fair reading of that complaint, is that Travelers seeks to have the entire insurance coverage issue, which is at stake here, resolved. The fact that the state proceeding encompasses Travelers' claim against Huntington, which is not included in the federal complaint, does not alter the reality that the two lawsuits involve the identical coverage dispute between the same parties in this federal lawsuit.

Having found that the state action is a parallel proceeding to the lawsuit filed here, the court turns now to an analysis of the factors identified in *Moses H. Cone Memorial Hospital* to determine if abstention is warranted and finds that it is. First, since the only basis for this court's jurisdiction is diversity of citizenship, there is no question that state law provides the sole basis for decision of the case. Second, the state court has been asked to assume jurisdiction of the insurance policy proceeds in dispute by virtue of Travelers' interpleader action there. Third, the federal forum is not a possible forum for all of the parties in this controversy as the addition of Huntington would destroy diversity jurisdiction. Fourth, failure to abstain will result in piecemeal litigation with the result being that inconsistent verdicts may result and Travelers may be required to pay twice on the same claim. Fifth, Travelers brought the state action first on October 27, 1999 while GMBB did not commence its federal action until seven days later on November 2, 1999. Based on the five factors, principles of fairness, comity and judicial economy, require this court to defer to the ongoing state proceeding and to dismiss this federal action.

474

## CONCLUSION

Having determined that dismissal is warranted for plaintiff's failure to join Huntington, a necessary party whose joinder would destroy diversity jurisdiction, and that dismissal also is appropriate under the *Colorado River* doctrine,

IT IS ORDERED that defendant's motion to dismiss is GRANTED.