SMI–OWEN STEEL COMPANY, INC.

v.

ST. PAUL FIRE & MARINE INSURANCE COMPANY, and J & H Marsh & McLennan, Inc.

Civ.A. No. G–00–149.

United States District Court, S.D. Texas, Galveston Division.

Feb. 16, 2001.

Francis I. Spagnoletti, Spagnoletti & Assoc., Houston, TX, for SMI–Owen Steel Co., Inc.

Anne Marie Finch, Jackson and Walker, Houston, TX, Michael Lee Knapek, Jackson & Walker, Dallas, TX, Mitchell L. Lathrop, Bridget K. Moorhead, Luce Forward et al., San Diego, CA, for St. Paul Fire & Marine Insurance Company.

Julia M. Adams, Westmoreland Hall, Houston, TX, for J & H Marsh McLennan Inc.

*ORDER DENYING DEFENDANT ST. PAUL FIRE & MARINE INSURANCE CO.'S MOTION TO DISMISS FOR FAILURE TO NAME AN INDISPENSABLE PARTY AND ORDERING DEFENDANT TO ANSWER WITHIN TWENTY DAYS*

KENT, District Judge.

This case concerns a subcontractor default protection insurance policy issued by Defendant St. Paul Fire & Marine Insurance Company ("St. Paul") and its agent co-Defendant

J & H Marsh & McLennan, Inc. in connection with the construction of the Aladdin Hotel in Las Vegas, Nevada. The Plaintiff, SMI–Owen Steel Company Inc. ("SMI"), alleges that the Defendants failed to live up to the terms of the agreement and made misrepresentations regarding the policy.

Now before the Court is Defendant St. Paul's Motion to Dismiss for Failure to Name an Indispensable Party. For reasons set forth in more detail below, Defendant's Motion is **DENIED**.

## I. BACKGROUND

Plaintiff, SMI, was one of many subcontractors involved in the construction of a multi-million dollar hotel and casino in Las Vegas, Nevada, designed and constructed by Aladdin Gaming, L.L.C. ("Aladdin"). The 1,600 room hotel and casino replaced the then existing Aladdin Hotel and Casino. Fluor Daniel, Inc. ("Fluor Daniel"), headquartered in Irvine, California, and ADP Marshall Contractors, Inc. ("ADP"), headquartered in Rumford, Rhode Island, were selected as co-general contractors for the Aladdin Project. ADP is a wholly owned subsidiary of Fluor Daniel. SMI was the principal subcontractor that provided steel for the construction project. SMI, in turn, subcontracted with Black Hawk Precast Company, L.L.C. ("Black Hawk"), which in turn subcontracted with various other contractors.

In connection with the construction of the hotel and casino, Defendant St. Paul issued a Subcontractor/Vendor protection policy ("Policy"), a somewhat novel insurance product in the United States. The Policy, as its name suggests, covers "damages ... which result from the default of a subcontractor or vendor" during the construction of the hotel and casino. Fluor Daniel and ADP are named insureds, while Aladdin is an "additional protected person" under the terms of the policy. Plaintiff SMI is also a protected person, enrolled in a special procedure by Fluor Daniel.

SMI alleges that several of it subcontractors, including Black Hawk, defaulted and caused it damage, thus giving rise to a claim under the policy. After St. Paul refused to pay under the policy, SMI filed suit in this Court on March 14, 2000, bringing claims for damages and a declaratory judgment action. St. Paul has never answered, but did file a Motion to Transfer Venue, which the Court denied on September 18, 2000. *See SMI–Owen Steel Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 113 F.Supp.2d 1101 (S.D.Tex.2000) (Kent, J.). Defendant has now filed a Motion to Dismiss for Failure to Name an Indispensable Party pursuant to Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure. Defendant contends that the Court must dismiss because Aladdin and Fluor Daniel are indispensable parties over whom the Court cannot exercise jurisdiction.[1]

## II. LEGAL STANDARD

In order for Defendant to prevail on its Motion, it must show that there is at least one party (1) who should be joined if feasible (a necessary party), (2) whose joinder is not feasible, and (3) in whose absence the action cannot proceed in equity and good conscience (an indispensable party). Fed.R.Civ.P. 19(a) provides the factors for determining who is a necessary party:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations ...

Rule 19 allows joinder of necessary parties unless that joinder would defeat di-

1. Plaintiff argues that St. Paul has waived its defense by failing to raise it when it moved to transfer venue. Under Rule 12(h)(2), however, failure to join a party indispensable under Rule 19 is unwaivable and can be raised even at the trial on the merits.

versity jurisdiction. *See Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 108, 88 S.Ct. 733, 737, 19 L.Ed.2d 936 (1968). When jurisdiction is threatened, the Court must then determine whether the potentially joined party is in fact indispensable, meaning the action cannot proceed without such party. *See id.* The rule lists four factors to consider when deciding whether a party is indispensable: 1) prejudice to the absent party or to those involved in the lawsuit; 2) whether relief can be shaped to lessen the prejudice to existing parties; 3) whether relief can be given without the absent party; and 4) whether the plaintiff has another forum in which to prosecute the action if it is dismissed. *See* Fed. R.Civ.P. 19; *see also Cornhill Ins. PLC v. Valsamis, Inc.,* 106 F.3d 80, 84 (5th Cir. 1997). The burden is on the proponent to show that an absent party is indispensable and that the action should be dismissed. *See Nottingham v. General Am. Communications Corp.,* 811 F.2d 873, 880 (5th Cir.1987) (rejecting defendant's argument to dismiss because the defendant failed to establish the necessary grounds). Of course, the Court need only make this inquiry upon being persuaded that a party is indeed necessary to the adjudication. Whether a party is a necessary or indispensable party under Rule 19 is governed by federal law in diversity cases such as this. *See Provident,* 390 U.S. at 125 n. 22, 88 S.Ct. 733 (holding that federal law governs though "state law questions may arise in determining what interest the outsider has"); *Lone Star Indus., Inc. v. Redwine,* 757 F.2d 1544, 1548 (5th Cir.1985).

### III. ANALYSIS

#### A. Necessary Party Analysis

The first step in determining whether a case should be dismissed for failure to join an indispensable party is to determine if the parties proposed to be joined are in fact necessary parties. St. Paul argues that proceeding in the absence of Aladdin and Fluor Daniel will as a practical matter impede the ability of these parties to protect their inter-

est related to the matter and will leave St. Paul subject to a substantial risk of incurring inconsistent obligation. The Court disagrees.

#### 1. Nevada Arbitration

■ St. Paul first argues that Aladdin and Fluor Daniel are necessary parties because both are parties to an arbitration in Nevada with SMI involving related issues. Resolution of these issues in this Court, St. Paul contends, will prejudice the absent parties, Aladdin and Fluor Daniel, as well as Defendant St. Paul. First, St. Paul contends that the issue of SMI's own default is an issue in both proceedings. In the Nevada arbitration, Aladdin and Fluor Daniel are claiming that SMI was in default. In this proceeding, SMI is claiming that its subcontractor Black Hawk was in default, but it is a defense under the terms of the Policy if Black Hawk's default was caused by SMI's own default. Thus, there is a potential of inconsistent findings in the Nevada arbitration and this case regarding SMI's responsibility for the default.

St. Paul's argument misses the mark. The Nevada arbitration, to which St. Paul is not a party, concerns a dispute among Aladdin, Fluor Daniel, and SMI. The Nevada arbitration thus cannot give rise to any obligation on the part of St. Paul, much less one that is "double, multiple, or otherwise inconsistent" with obligations it may incur in this proceeding. *See Lindland v. United States of America Wrestling Ass'n,* 230 F.3d 1036, 1039 (7th Cir.2000) (noting that a non-party to an arbitration is not bound by the result). By the same token, Aladdin and Fluor Daniel, not currently being parties to this case, would not be bound by a finding that Black Hawk's default did not arise out of SMI's own default. *See Provident,* 390 U.S. at 110, 88 S.Ct. 733 (noting that an outsider is not before the court and cannot be bound by a judgment rendered).[2] Proceeding in their absence will not impede their interests. Moreover, even if they were somehow bound by findings in this case, no real inconsistency

---

**2.** Of course, the outsider need not be technically bound by a separate proceeding to have its interests impeded as practical matter. *See Provident,*

390 U.S. at 110, 88 S.Ct. 733. Nevertheless, St. Paul has not demonstrated any other way Aladdin or Fluor Daniel could be prejudiced.

exists in the positions taken in the Nevada arbitration and this case. Aladdin and St. Paul's arbitration demand against SMI acknowledges that Black Hawk was in default and complains, not that SMI caused it, but that SMI failed to remedy it. *See In re Aladdin Gaming L.L.C. v. Fluor Daniel, Inc.*, Fluor Daniel, Inc. and Aladdin Gaming LLC's Joint Amended Complaint Against SMI Owen Steel Company, at 9, No. 79 Y 110 00103 98.

St. Paul next maintains that SMI is inconsistently arguing in the Nevada arbitration that Fluor Daniel failed to procure the required subcontractor default insurance, while making a claim in this Court under the Policy. Again, the Nevada Arbitration and this proceeding have no effect on each other, and hence any inconsistency would have no bearing upon the non-parties. Moreover, a closer examination of the Nevada arbitration again reveals that no inconsistency exists. SMI does not claim in the arbitration that no policy exists, but that Fluor Daniel procured a policy which had higher deductibles and co-payment provisions than Fluor Daniel represented. *See In re Aladdin Gaming, Smi-Owen Steel Company, Inc.'s Statement of Claims*, at 4, No. 79 Y 110 00103 98. Thus, SMI is not acting inconsistently in any way by suing under the policy in this Court.

### 2. *Limited Policy Funds*

■ St. Paul also argues that Aladdin and Fluor Daniel are necessary parties because they are also claimants under the Policy, which has limited funds. A sizable award in this case, St. Paul argues, would deplete funds under the policy, thus prejudicing the interests of Aladdin and Fluor Daniel. *See GMBB, Inc. v. Travelers Indem. Co.*, 100 F.Supp.2d 465, 469 (E.D.Mich.2000) (holding that a party in a parallel state action seeking to recover monies under the same insurance policy as plaintiff was a necessary party because insurance proceeds would be inadequate to cover inconsistent verdicts).

St. Paul's argument fails. First, St. Paul has failed to demonstrate that Plaintiff is actually competing for the same funds as Aladdin and Fluor Daniel. In arguing that policy funds are in danger of being depleted, St. Paul repeatedly refers to "policy limits" but does not identify exactly what these limits are. The Court will not grant St. Paul's Motion on the basis of innuendo and suspicion. Furthermore, a fair reading of the Policy indicates that there are sufficient funds to satisfy all possible claimants.[3] Second, the Court does not agree with the premise that competing claimants to limited insurance funds are necessary parties. Even if such claimants were necessary parties, they would not be indispensable. *See Provident*, 390 U.S. at 115, 88 S.Ct. 733 (noting that in the case of multiple claimants to limited funds, the Court could withhold payment pending resolution of suits); *cf. Kelly v. Commercial Union Ins. Co.*, 709 F.2d 973, 977–78 (5th Cir.1983) (holding that the failure to join loss payees under an insurance policy was not an abuse of discretion); *Smith v. State Farm Fire & Cas. Co.*, 633 F.2d 401, 405–06 (5th Cir.1980) (holding that a bankruptcy trustee which claimed an interest in a policy under which the plaintiff was an additional insured was not a necessary party).

Because the Court concludes that Aladdin and Fluor Daniel are not necessary parties under Rule 19(a), it does not consider whether their joinder is feasible or whether they are indispensable parties under Rule 19(b).

### B. *St. Paul's Elusive Answer*

Despite having appeared generally by Moving for a Transfer of Venue and by making the present Motion, St. Paul has for some reason not answered. Under Rule 12(a)(1)(A), St. Paul had twenty days to answer after being served. It asked for an extension which the Court granted, giving St. Paul until October 17, 2000 to answer. No answer or request for an additional extension

---

**3.** The Policy calculates the premium on the basis of a $234,685,991 estimated total exposure. The Policy also purports to have a per occurrence limit of $20,000,000 and an aggregate limit of $50,000,000. These limits would seem to apply separately to each covered party. If $50,000,000 were a global limit, the policy would not have calculated the premium on the basis of an amount almost five times as much. Thus, there is really no danger that policy limits would be depleted even if SMI were awarded its entire limit.

has been forthcoming. Thus, St. Paul is **ORDERED** to file an answer within twenty days or the Court will instruct Plaintiff to Move for Entry of Default.

### III. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss for Failure to Name an Indispensable Party is **DENIED**. Furthermore, Defendant is **ORDERED** to answer within 20 days. Each party is to bear its own costs in the matter incurred herein to date.

**IT IS SO ORDERED.**