In re LEXINGTON HEALTHCARE
GROUP, INC. and Lexington Hi-
ghgreen Holding, Inc., Debtors.

Elaine Chao, Secretary of
Labor, Plaintiff,

v.

Lexington Healthcare Group, Inc., Lex-

ington Highgreen Holding, Inc., and Alfred Thomas Giuliano, Chapter 7 Trustee, Defendants.

Bankruptcy No. 03–11007(MFW).

Adversary No. 04–53348.

United States Bankruptcy Court, D. Delaware.

Nov. 16, 2004.

Frederick B. Rosner, Wilmington, DE, for debtors.

## MEMORANDUM OPINION [1]

MARY F. WALRATH, Bankruptcy Judge.

Before the Court is the Motion of the Secretary of Labor ("the Secretary") to join Heller Healthcare Finance, Inc. ("HHF") and Healthcare Services Group, Inc. ("Healthcare Services") as defendants in this adversary. HHF and Healthcare Services oppose the Motion. For the reasons set forth below, we grant the Motion.

## I. BACKGROUND AND PROCEDURAL HISTORY

On April 2, 2003, Lexington Healthcare Group, Inc., and its wholly owned subsidiary, Lexington Highgreen Holding, Inc., (collectively "the Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors managed their business affairs as debtors in possession until May 19, 2004, when the cases were converted to chapter 7. Alfred T. Guiliano ("the Trustee") was appointed as the chapter 7 trustee on May 20, 2004.

During the chapter 11 case, HHF provided post-petition financing to the Debtors, in the aggregate amount of $9,500,000.00 in secured revolving credit. The loan was approved by an order entered April 24, 2003. In connection with the DIP financing, HHF was granted first priority liens and security interests in all of the Debtors' property, including the Debtors' pre-petition and post-petition accounts receivable and cash. HHF was also given a super-priority claim for the DIP financing, to the extent the security given was inadequate. Healthcare Ser-

vices has a pre-petition lien against certain collateral of the Debtors which is junior to the liens granted to HHF.

The Secretary filed the above captioned adversary proceeding on April 24, 2004, against the Debtors alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA") with respect to a 401(k) retirement plan ("the Plan"), which the Debtors had for the benefit of their employees. That action seeks the turnover of $51,483.01 which the Secretary alleges were sums withheld from employee wages but not deposited to the Plan. The Secretary claims a statutory trust on those funds held by the Debtors. Subsequently, on July 2, 2004, the Secretary filed a motion to compel the Trustee to set aside property of the Debtors' estates in escrow, pending the outcome of the adversary. That Motion was opposed by HHF and Healthcare Services, as well as the Trustee. The Secretary also filed the instant Motion to join HHF and Healthcare Services as party defendants in this adversary proceeding. That Motion was also opposed by HHF and Healthcare Services. The briefs are complete and the matter is ripe for decision.

## II. JURISDICTION

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(1)(B), (K), & (O).

## III. DISCUSSION

■ Rule 19 governs compulsory joinder and provides circumstances where, if feasible, a party must be joined in the action.[2] 4 Moore's Federal Practice

---

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant

to Federal Rule of Bankruptcy Procedure 7052.

2. Rule 19 of the Federal Rules of Civil Proce-

§ 19.02 (3d ed.2004). Whether a party is subject to Rule 19 depends on how the court classifies the party to be joined. *Id.* Three types of classifications have been defined under the Federal Rules of Civil Procedure: proper, necessary, and indispensable. *Id.* Joinder of proper parties is governed by Rule 20 (permissive joinder) whereas joinder of necessary and indispensable parties is governed by Rule 19 (compulsory joinder). *Id.* Although the term "necessary" is not mentioned specifically in Rule 19,[3] the term has become part of "common legal parlance." *Id.*

The question in this case is whether HHF and Healthcare Services are necessary or indispensable parties under Rule 19. The first determination that a court must make is whether a party should be joined, under subsection (a) of Rule 19 if feasible. *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.,* 11 F.3d 399, 404 (3d Cir.1993).

Rule 19(a) states, in pertinent part:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest related to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. Pro. 19(a).

 Thus, the first inquiry is whether the parties to the action can be afforded complete relief in the absence of the unjoined party. *Janney,* 11 F.3d at 405. Any effect that a decision of the court may have on the absent parties is immaterial. *Id.* Even the possibility that an already named party might have to defend its rights in a subsequent suit by the party who is claimed to be "necessary" does not make that party necessary. *Angst v. Royal Maccabees Life Ins. Co.,* 77 F.3d 701, 705 (3d Cir.1996).

In this case, the Secretary is asking for a determination that funds withheld from employees but used by (or in the hands of) the Debtors are funds subject to a statutory trust. Any order directing the Debtors to turnover funds would have to determine what interests HHF and Healthcare Services have in those funds, as well. Therefore, we conclude HHF and Healthcare Services are necessary parties.

 However, even if complete relief could be granted in their absence, HHF and Healthcare Services are, nonetheless, necessary parties to the action under Rule 19(a)(2). The second inquiry under Rule 19(a) is "whether the rights of the parties

---

dure is made applicable to adversary proceedings through Rule 7019 of the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr.P. 7019.

**3.** "The present version of Rule 19 does not use the word 'necessary.' It refers to parties who should be joined if feasible. The term necessary in referring to Rule 19(a) analysis harks back to an earlier version of Rule 19. It survives in the case law at the price of some confusion." *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.,* 11 F.3d 399, 404 n. 4 (3d Cir.1993) (citing *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 116 n. 12, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968) for the proposition that the new version of Rule 19 emphasizes the consideration of the effects of proceeding or dismissing the action, where the old version emphasized the "classification of parties as 'necessary' or 'indispensable.'").

before [the Court] would impair or impede an absent party's ability to protect its interest in the subject matter of the litigation." *Janney*, 11 F.3d at 406. The effect of the judgment that the parties present in the action would receive in the absence of the party sought to be joined must have a "direct and immediate" effect on the absent party for it to be deemed a necessary one. *Angst*, 77 F.3d at 705 (citing *Janney*, 11 F.3d at 407). An effect is "direct and immediate" when it affects the absent party's rights in some material way. *Id.*

In this case, HHF and Healthcare Services have priority liens against all property of the Debtors' estates. If the Secretary won the pending adversary proceeding, the interests of HHF and Healthcare Services would be greatly effected. First, the amounts alleged by the Secretary would be removed from the Debtors' estates and deposited into the Plan. Since the Plan is an ERISA qualified plan, it is not property of the Debtors' estates and no creditor can get paid from that account. 11 U.S.C. § 541(d). Therefore, HHF and Healthcare Services would have no claim to such property. They naturally oppose any such ruling, as evidenced by their objection to the Secretary's Motion to escrow funds pending determination of this adversary. We, therefore, conclude they are necessary parties to this action.

■ Lastly, this Court must decide if joining the parties is "feasible." Joinder is feasible where the party can be served and the Court's jurisdiction will not be affected. *See Janney*, 11 F.3d at 408. Both HHF and Healthcare Services are subject to service of process. Neither party has argued that joining HHF and Healthcare

Services would eliminate this Court's subject matter jurisdiction. Therefore, we hold that it is feasible to join them as necessary parties.

## IV. *CONCLUSION*

For the foregoing reasons, we will grant the Secretary's Motion to join HHF and Healthcare Services as necessary parties. An appropriate order is attached.

### ORDER

AND NOW this 16th day of November, 2004, upon consideration of the Motion to Join Persons as Party Defendants filed by the Secretary of Labor and the Objections by Heller Healthcare Finance, Healthcare Services Group, Inc., and Alfred T. Giuliano to the Motion and for the reasons set forth in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that the Motion to Join is **GRANTED**.