Lake Placid Club Attached Lodges, Appellant, v Elizabethtown Builders, Inc., et al., Respondents.

Third Department, November 5, 1987

### APPEARANCES OF COUNSEL

*Hancock & Estabrook (Robert A. Small* of counsel), for appellant.

*Miller, Mannix, Lemery & Pratt (Benjamin R. Pratt, Jr.,* of counsel), for Elizabethtown Builders, Inc., respondent.

*Sugarman, Wallace, Manheim & Schoenwald (Timothy J. Perry* of counsel), for Wallace, McHarg, Roberts & Todd, respondent.

### OPINION OF THE COURT

LEVINE, J.

Plaintiff is an unincorporated joint venture, the members of which are owners of residential condominium units in a four-building project in the Village of Lake Placid, Essex County, developed by Lake Placid Company (hereinafter the developer). Plaintiff's members either purchased directly from the developer or are successors in interest to the original purchasers. Plaintiff was formed solely for the purpose of prosecuting damage claims for structural defects and resultant damages with respect to the condominium units against defendant Elizabethtown Builders, Inc., the builder for the project (hereinafter the builder), and defendant Wallace, McHarg, Roberts & Todd, the architectural firm (hereinafter the architects)

which designed and supervised construction of 3 of the 4 buildings and whose plans were used for the construction of the fourth building. The complaint alleges causes of action for (1) breaches of the construction contract between the developer and the builder, and of the professional architectural contract between the developer and the architects for design and supervision of construction, and (2) negligence against the builder for alleged improper construction and against the architects for alleged improper design and supervision. After joinder of issue and pretrial discovery, defendants successfully moved for summary judgment dismissing the complaint. This appeal by plaintiff ensued.

■ There should be an affirmance. As to plaintiff's breach of contract claims, it is conceded that, since there was no contractual relationship between plaintiff's members and defendants, recovery is dependent upon a showing that plaintiff's members were third-party beneficiaries of the developer's contracts with defendants. In *Fourth Ocean Putnam Corp. v Interstate Wrecking Co.* (66 NY2d 38, 44), it was held that the Restatement (Second) of Contracts (ch 14 [1979]) essentially summarizes New York law on the subject of contractual liability to third-party beneficiaries. Nonparty enforcement of a contractual promise is limited to an "intended" as contrasted with an "incidental" beneficiary (Restatement [Second] of Contracts §§ 302, 304). One is an intended beneficiary if one's right to performance is "appropriate to effectuate the intention of the parties" to the contract *and* either the performance will satisfy a money debt obligation of the promisee to the beneficiary or "the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance" (Restatement [Second] of Contracts § 302 [1] [a], [b]). There are no facts set forth in the complaint or plaintiff's papers on the motion establishing the existence of the developer's obligation to pay money to any of plaintiff's members. Likewise, plaintiff has failed to submit any evidence from the contractual language* or other circumstances manifesting a mutual intent of the contracting parties to confer rights to performance on the ultimate owners of the units *(see, Isbrandtsen Co. v Local 1291 of Intl. Longshoremen's Assn.,* 204 F2d 495, 498, n 13; *see also,* 4 Corbin, Contracts § 776, at 18), nor is there any showing of an intent on the part of the

* The record does not contain a copy of the written contract between the developer and the builder.

developer to give such nonparties any benefits from the performances promised it by the builder and the architects. Indeed, there is nothing whatsoever in the record to suggest that the developer had in mind anything but the normal business motive to obtain a construction product of sufficient quality for ready marketability of the condominium units to potential customers. Such a motive is clearly not a basis from which to infer the requisite intent of the developer to bestow performance benefits upon the purchasers of the condominium units, let alone their successors (see, *Fourth Ocean Putnam Corp. v Interstate Wrecking Co., supra,* at 45; Restatement [Second] of Contracts § 302 [1] [b]), and explains why, ordinarily, construction contracts are not construed as conferring third-party beneficiary enforcement rights (see, *Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 656). The fact that, once all of the condominium units have been sold, the developer might not have either a reason to sue for nonperformance or any cognizable damages does not change the result. The developer clearly would have had enforcement rights and remedies for nonperformance during the life of the contract before such sales or, if it was liable for construction defects, after sale. Consequently, this factor, relied upon by plaintiff, is insufficient to demonstrate the existence of an intended third-party beneficiary, as it would in the typical donee or gift beneficiary situation (see, *Isbrandtsen Co. v Local 1291 of Intl. Longshoremen's Assn., supra,* at 497; cf., *Seaver v Ransom,* 224 NY 233, 239).

Supreme Court also was correct in granting summary judgment dismissing plaintiff's negligence cause of action. As shown by plaintiff's bill of particulars, the gravamen of its claim relates to a gradual deterioration of parts of the structure primarily due to leakage and seepage damage from the elements. Plaintiff has not alleged or submitted evidence that the defects in the construction of the condominium units created a dangerous condition posing a risk of accidental injury to persons or to property other than the physical deterioration attributable solely to the failure of the products of the construction (the dwelling units) themselves, and has not claimed any damages other than direct and consequential nonaccidental economic loss, i.e., the cost of repair to make the condominium units of expected habitable quality and loss of market value, for which there is no recovery in negligence (see, *Butler v Caldwell & Cook,* 122 AD2d 559; *Burnell v Morning Star Homes,* 114 AD2d 657, 659; *Hemming v Certain-*

*teed Corp.,* 97 AD2d 976, *appeal dismissed* 61 NY2d 758; *Queensbury Union Free School Dist. v Walter Corp.,* 94 AD2d 834; *Schiavone Constr. Co. v Elgood Mayo Corp.,* 81 AD2d 221, 227-234 [Silverman, J., dissenting], *revd on dissenting opn below* 56 NY2d 667; *see also,* Prosser and Keeton, Torts § 101, at 708-709 [5th ed]).

KANE, J. P., MAIN, MIKOLL and HARVEY, JJ., concur.

Order and judgment affirmed, without costs.