■ BONG HYUN LIEU et al., Appellants, v GOLLER PLACE CORP. et al., Respondents. [597 NYS2d 79] —In an action, *inter alia,* for the recovery of the down payment on a contract for the sale of a condominium, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated November 9, 1990, as denied those branches of their motion which were for summary judgment on the first cause of action and stated portions of the third cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiffs' motion which were for summary judgment on the first cause of action and so much of the third cause of action as seeks return of a $1,672 fee is granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The plaintiffs contend, *inter alia,* that they properly canceled the contract of sale, and that the Supreme Court erred in denying them summary judgment against the defendant seller Goller Place Corp. We agree. The parties' contract gave the plaintiff purchasers an unconditional option to cancel the contract if the seller, which was in the process of constructing the subject condominium unit, could not perform by September 15, 1989. That the plaintiffs took certain steps towards closing on the contract after September 15, 1989, is insufficient to establish that they waived or forfeited their right to exercise the option to cancel *(see, Tendler v Lazar,* 141 AD2d 717). Accordingly, the plaintiffs are entitled to return of their down payment in accordance with the provisions of the contract, and to the sums paid to the seller for improvements to the unit.

We further find that the Supreme Court improperly denied the plaintiffs summary judgment against the defendant First Northern Mortgage Corp., upon the ground that the parties may have entered into a binding oral agreement to "lock in" the terms of the plaintiffs' mortgage commitment. It is well settled that where the parties to an agreement do not intend it to be binding upon them until it is reduced to writing and

signed by both of them, they are not bound and may not be held liable until it has been written out and signed *(see, Scheck v Francis,* 26 NY2d 466, 469-470; *EDP Med. Computer Sys. v Sears, Roebuck & Co.,* 149 AD2d 563). Since the objective acts of the parties at bar clearly establish that they intended to be bound by a written "lock in" agreement, the plaintiffs are entitled to summary judgment on their third cause of action to the extent that it seeks return of their "lock in" fee. Eiber, J. P., O'Brien, Ritter and Copertino, JJ., concur.