■ LOUIS GREENBERG, Also Known as LOU GREENBERG, et al., Appellants, v TEKHOMES, INC., et al., Respondents. [619

NYS2d 60] —In an action to recover damages for breach of contract, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), entered October 9, 1992, which, upon the granting of the defendants' motion for judgment as a matter of law, made at the close of the defendants' case, is in favor of the defendants and against them in the principal amount of $61,250.

Ordered that the judgment is reversed, on the law, with costs, the defendants' motion is denied, the plaintiffs are granted judgment as a matter of law in the principal amount of $61,250, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate judgment.

On May 1, 1987, the plaintiff Louis Greenberg entered into a contract to purchase a home to be constructed by the defendant Tekhomes, Inc. (hereinafter Tekhomes). The contract contained a mortgage contingency clause which provided that the contract was subject to Greenberg's ability to obtain a firm commitment for a $125,000 mortgage. The clause also provided that Tekhomes would obtain the commitment for Greenberg within 45 days. In addition, the clause provided that Greenberg would furnish Tekhomes or any mortgagee designated by Tekhomes with any necessary credit information and Greenberg would sign any applications. Finally, the clause provided that if Tekhomes' construction loan was converted into a permanent home mortgage, Greenberg would reimburse Tekhomes for any mortgage tax paid on the portion of the loan assumed by Greenberg.

At trial, the uncontradicted evidence established that Tekhomes never obtained a firm mortgage commitment for Greenberg. Greenberg met with Tekhomes' designated mortgage broker on June 11, 1987. Greenberg provided all the information requested by the mortgage broker, but the mortgage broker failed to obtain a mortgage commitment. Neither Greenberg nor Tekhomes made any further attempts to obtain a commitment. In a letter dated July 28, 1987, Greenberg requested that Tekhomes postpone the closing date from no earlier than November 1, 1987, and no later than May 1, 1988, to no earlier than May 1, 1988, and no later than August 1, 1988. Greenberg refused to accept Tekhomes' conditions for postponing the closing date, and by letter dated October 1, 1987, Greenberg cancelled the contract. The letter stated that Tekhomes had breached the contract because it had failed to obtain a commitment within the 45-day deadline.

In addition, Greenberg requested the return of his down payment.

After the presentation of the evidence, the Supreme Court granted judgment as a matter of law on behalf of Tekhomes. The court found that the mortgage contingency clause required both parties to proceed promptly to obtain the mortgage commitment, and further determined that because Greenberg did not meet with the mortgage broker until 41 days after signing the contract, Greenberg waived the 45-day deadline. Thus, Tekhomes had a reasonable period to secure a mortgage commitment for Greenberg. The Supreme Court concluded that Greenberg prevented Tekhomes from assigning its construction loan by cancelling the contract on October 1, 1987.

The Supreme Court should have granted judgment as a matter of law to Greenberg. The mortgage contingency clause did not require that both parties proceed promptly to obtain a mortgage. Greenberg's only obligation was not to frustrate Tekhomes' ability to obtain the commitment by refusing to furnish information or sign applications. No evidence was presented to establish that Greenberg intentionally delayed his meeting with the mortgage broker to prevent the timely obtainment of a mortgage commitment. Thus, Greenberg was entitled to cancel the contract within a reasonable time after the June 15, 1987, deadline as long as Tekhomes had not obtained a commitment (see, Tendler v Lazar, 141 AD2d 717, 720; cf., Schatten v Briedis, 163 AD2d 379). That Tekhomes may have been able to assign a construction loan to Greenberg did not preclude Greenberg from cancelling the contract because such assignment was also subject to the 45-day deadline. Further, Greenberg's steps towards closing on the contract after June 15, 1987, were insufficient to establish that he waived or forfeited his right to cancel the contract (see, Bong Hyun Lieu v Goller Place Corp., 192 AD2d 634; Tendler v Lazar, supra). Sullivan, J. P., Ritter, Pizzuto and Hart, JJ., concur.