■ BDG OCEANSIDE, LLC, Appellant, v RAD TERMINAL CORP. et al., Respondents, and GULF OIL, LIMITED PARTNERSHIP, Appellant-Respondent. (And a Third-Party Action.) [787 NYS2d 388]—

In an action, inter alia, in effect, for a judgment declaring that the contracts entered into by the plaintiff to purchase adjoining parcels of real property from the defendants RAD Terminal Corp. and Gulf Oil, Limited Partnership, were properly terminated, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Austin, J.), entered March 12, 2003, as denied its motion for summary judgment, and the defendant Gulf Oil, Limited Partnership, cross-appeals, as limited by its notice of cross appeal and brief, from so much of the same order as granted that branch of the cross motion of the defendant RAD Terminal Corp. which was for summary judgment dismissing the cross claims asserted against it by Gulf Oil, Limited Partnership.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion which were for summary judgment declaring that the contracts between the parties were properly terminated and directing the escrow agents to return the plaintiff's down payment, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff and the defendant RAD Terminal Corp., payable by the defendant Gulf Oil, Limited Partnership.

In 1999 the plaintiff, BDG Oceanside, LLC (hereinafter BDG), entered into two contracts to purchase adjoining parcels of real property from the defendants RAD Terminal Corp. (hereinafter RAD) and Gulf Oil, Limited Partnership (hereinafter Gulf). The contracts were identical in many respects and were conditioned

upon, inter alia, the parties agreeing to an environmental work plan to clean up the properties. Section 5.05 (b) of the contracts provided BDG with a right to terminate if any one of the environmental deadlines was not met. In August 2001 BDG exercised its right to terminate the contracts on the ground that the parties had not agreed upon an initial remedial work plan within nine months of the agreement. After RAD and Gulf refused to return the respective down payments, BDG commenced this action, inter alia, in effect, for a judgment declaring that the contracts were properly terminated. Gulf asserted cross claims against RAD on the ground that it was a third-party beneficiary of the contract between RAD and BDG. The parties moved and cross-moved for summary judgment. The Supreme Court denied BDG's motion, finding that there were issues of fact as to whether BDG waived its right to terminate based upon the environmental deadlines. The Supreme Court granted RAD's cross motion to the extent of dismissing Gulf's cross claims. BDG appeals from so much of the order as denied its motion for summary judgment, and Gulf cross-appeals from so much of the order as dismissed its cross claims.

A party asserting rights as a third-party beneficiary must establish (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for his or her benefit, and (3) that the benefit to him or her is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate him if the benefit is lost (*see State of Cal. Pub. Employees' Retirement Sys. v Shearman & Sterling,* 95 NY2d 427, 434-435 [2000]; *Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 336 [1983]). The record is devoid of any evidence that the parties intended that Gulf would be a beneficiary of the contract between BDG and RAD. Gulf, at most, was an incidental beneficiary of that contract (*see Amin Realty v K & R Constr. Corp.,* 306 AD2d 230 [2003]; *Regatta Condominium Assn. v Village of Mamaroneck,* 303 AD2d 739 [2003]; *Pile Found. Constr. Co. v Berger, Lehman Assoc.,* 253 AD2d 484 [1998]). Accordingly, the Supreme Court properly dismissed Gulf's cross claims against RAD.

With respect to the appeal by BDG, section 5.05 (b) of the respective contracts was broadly worded to provide that in the event any of the four environmental deadlines was not met, "then [BDG], in any of the aforementioned cases, may terminate this Agreement by written notice to Seller." Thus, the language of the contracts demonstrates that BDG's right to terminate existed with respect to each one of the stages of the environmen-

tal plan. The fact that BDG continued to take certain steps toward completing the contracts was insufficient, by itself, to establish that it waived or forfeited its right to cancel the contracts (*see Greenberg v Tekhomes, Inc.,* 209 AD2d 469 [1994]; *Bong Hyun Lieu v Goller Place Corp.,* 192 AD2d 634 [1993]; *Tendler v Lazar,* 141 AD2d 717 [1988]). Accordingly, the Supreme Court should have granted those branches of BDG's motion which were for summary judgment declaring that the contracts between the parties were properly terminated and directing the escrow agents to return BDG's down payment. However, BDG did not establish its entitlement to summary judgment with respect to its claim that the defendants willfully defaulted under the contract. Schmidt, J.P., Adams, Santucci and Skelos, JJ., concur.