**TEMPLE UNIVERSITY HOSPITAL, INC., Plaintiff,**

v.

**GROUP HEALTH, INC., et al., Defendants.**

Civ.A. No. 05–102.

United States District Court, E.D. Pennsylvania.

June 29, 2005.

Howard R. Maniloff, Tabas & Rosen, P.C., Philadelphia, PA, for Plaintiff.

Joseph P. Bradica, Klehr Harrison, Philadelphia, PA, Brian T. Must, Michael P. Robic, II, Metz Schermer & Lewis LLC, Pittsburgh, PA, for Defendants.

### MEMORANDUM

PRATTER, District Judge.

Defendant Oxford Health Insurance, Inc. ("Oxford")[1] filed a Motion to Dismiss on March 7, 2005 in response to Temple University Hospital's ("Temple") Amended Complaint filed January 26, 2005. Temple responded to the Motion on March 28, 2005.

Oxford makes two arguments for dismissal: failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and failure to join an indispensable party pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19. In their failure to state a claim argument, Oxford contends that Temple has failed to state a viable contract claim because no contract existed between Temple and Oxford and Temple has not provided facts sufficient to demonstrate they were a third-party beneficiary to any contract between Oxford and another defendant, MultiPlan, Inc. Therefore, according to Oxford, Temple's Amended Complaint fails to allege the basic elements necessary to satisfy a direct or a third-party beneficiary contract claim.

In their failure to join an indispensable party claim, Oxford asserts that Temple should have joined the actual patient, Fred Tremarcke, who received the medical treatment Temple is now seeking to be reimbursed for. Oxford argues that Mr. Tremarcke is a necessary party pursuant to Federal Rule of Civil Procedure 19(a) because complete relief may not be afforded without Mr. Tremarcke's presence due to Mr. Tremarcke being potentially found liable for the payment. Additionally, going forward without Mr. Tremarcke may impede or impair his ability to protect his interests and poses a significant risk of double, multiple, or inconsistent obligations for Oxford. Further, Oxford asserts that Mr. Tremarcke is an indispensible party pursuant to Federal Rule of Civil Procedure 19(b) because of the risk of another lawsuit on this same matter.

For the reasons discussed below, the Court denies Oxford's Motion to Dismiss.

### I. SUBJECT MATTER JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1332, since there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. Specifically, Temple is seeking to recover in excess of $10.5 million for services it rendered to Mr. Tremarcke. Temple is incorporated and has its principal place of business in Pennsylvania. The defendants are incorporated and have their principal places of business outside of Pennsylvania. Mr. Tremarcke is alleged to be a citizen of New Jersey.[2]

---

1. Oxford was named in the Complaint as Oxford Health Plans, Inc. Defendant noted that name was incorrect, and the correct name is Oxford Health Insurance, Inc.

2. As a citizen of New Jersey, Mr. Tremarcke's

## II. SUMMARY OF FACTS

Temple University Hospital is a large health system that is seeking to recover $10,950,162.12, plus interest and costs, for the treatment of Fred Tremarcke from September 6, 2002 to November 26, 2003 and again from March 24, 2004 to April 28, 2004. (Amended Complaint, at ¶¶ 18, 22, 28, & 30). Temple has sued three health insurers or related companies, Oxford Health Insurance, Inc., Group Health, Inc., and MultiPlan, Inc., that Temple asserts are obligated to reimburse Temple for the treatment of Mr. Tremarcke. Inasmuch as this memorandum is a discussion of a motion to dismiss, the summary of facts presented below are the facts as alleged by Temple in its Amended Complaint.

Temple entered into a contract with MultiPlan, which was in effect from September 5, 2002 to November 26, 2003. (Amended Complaint, at ¶ 11). This contract required Temple provide "services to Plan Members" and that MultiPlan would "reimburse [Temple] 90% of billed charges within thirty (30) days of receipt of claim or 100% of billed charges shall be due." (Amended Complaint, at ¶¶ 12, 14). Between September 5, 2002 and April 28, 2004, Group Health and MultiPlan entered into a contract obligating Group Health to pay Temple in accordance with the Multi-Plan–Temple contract for medical care rendered to persons insured by Group Health. (Amended Complaint, at ¶ 15). Similarly, between March 31, 2003 and April 28, 2004, Oxford and MultiPlan entered into a contract obligating Oxford to pay Temple in accordance with the Multi-Plan–Temple contract for medical care

rendered to persons insured by Oxford. (Amended Complaint, at ¶ 16).

Mr. Tremarcke was insured by all or some of the defendants for the relevant time periods. (Amended Complaint, at ¶¶ 19–21, 29). As such, the defendants are alleged to be obligated to pay for Mr. Tremarcke's treatments. (Amended Complaint, at ¶¶ 25, 33). Thus, Temple notified the defendants by submitting notice statements ("UB–92's") for the charges incurred by Mr. Tremarcke. (Amended Complaint, at ¶¶ 23, 31). These notices were sent more than thirty days prior to the filing of this lawsuit. (Amended Complaint, at ¶¶ 23, 31). Defendants have refused to pay the balance due. (Amended Complaint, at ¶¶ 24, 32).

## III. DISCUSSION

### A. Failure To State A Claim

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d Cir.1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. *Angelastro v. Prudential–Bache Sec., Inc.,* 764 F.2d 939, 944 (3d Cir.1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir.1988).

Initially, Oxford argues that Temple does not state a viable contract claim

joinder as a defendant would appear to not divest the Court of subject matter jurisdiction. However, if Mr. Tremarcke joined as a plaintiff, the Court has not been presented with sufficient information to determine whether Mr. Tremarcke, as a citizen of New Jersey, would then divest the Court of subject matter jurisdiction. In either case, the Court finds that Mr. Tremarcke is not a necessary party, so the Court need not determine if joinder of Mr. Tremarcke would divest the Court of subject matter jurisdiction.

against Oxford due to Oxford not being in privity of contract with Temple. Because it is clear that Temple is not arguing that it is making a direct breach of contract claim against Oxford, the Court will not discuss this argument further.

Oxford also contends that Temple failed to plead a claim that satisfies the requirements to establish that Temple was a third-party beneficiary of a Oxford's alleged contract with MultiPlan. Oxford begins by arguing that the applicable law is New York due to a choice of law provision in the contract between Oxford and Multi-Plan. Choice of law clauses are generally given effect in Pennsylvania.[3] *Echols v. Pelullo*, 377 F.3d 272, 275 (3d Cir.2004); *Smith v. Commonwealth Nat'l Bank*, 384 Pa.Super. 65, 557 A.2d 775, 777 (1989). However, Oxford has not produced the contract it refers to and that provision was not mentioned in the Amended Complaint. Therefore, it becomes prudent to discuss both the New York and Pennsylvania standards for determining if the Plaintiff has properly asserted rights as a third-party beneficiary.

■ Under New York law, to assert successfully a third-party beneficiary claim, a party must establish "(1) the existence of a valid binding contract between other parties, (2) that the contract was intended for his or her benefit, and (3) that the benefit to him or her is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate him if the benefit is lost." *BDG Oceanside, LLC v. RAD Terminal Corp.*, 14 A.D.3d 472, 787 N.Y.S.2d 388, 390 (N.Y.App.Div.2005). Alternatively, a party may establish third-party beneficiary status by demonstrating

that the "right to performance is appropriate to effectuate the intention of the parties to the contract and either the performance will satisfy a money debt obligation of the promisee to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." *Lake Placid Club Attached Lodges v. Elizabethtown Builders*, 131 A.D.2d 159, 521 N.Y.S.2d 165, 166 (N.Y.App.Div.1987).

■ Under Pennsylvania law, a party can only establish they are a third-party beneficiary "where both parties to the contract express an intention to benefit the third party in the contract itself ..., *unless*, the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties, and the performance satisfies an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." *Scarpitti v. Weborg*, 530 Pa. 366, 609 A.2d 147, 150–51 (1992) (emphasis in original; citations omitted).

Oxford asserts that Temple's Amended Complaint does not meet the requirements of either New York or Pennsylvania. Specifically, Oxford argues that the statement made in Temple's Amended Complaint stating "Oxford was a party to a contract with MultiPlan which obligated Oxford to pay [Temple] in accordance with the [Agreement between Temple and Multi-Plan]" does not demonstrate that Temple is anything more than an incidental beneficiary, not an intentional beneficiary as required by both states.

---

**3.** When a federal court has jurisdiction pursuant to diversity jurisdiction, the court must apply the choice of law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Echols v. Pelullo*, 377 F.3d 272, 275 (3d Cir.2004).

Temple counters by referencing the "notice pleading" standard of Federal Rule of Civil Procedure 8(a), which only requires a plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." In a complaint, a plaintiff does not need to lay out all the facts upon which the claim is based, but must only provide "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Further, on a motion to dismiss, the plaintiff is entitled to "every favorable inference that can be drawn from those allegations." *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir.1991). Thus, Temple argues that it has pleaded with sufficient specificity that it was a third-party beneficiary of the contract between MultiPlan and Oxford because the Amended Complaint avers that Oxford and MultiPlan had a contract and that contract called for Oxford to pay Temple. Alternatively, Temple argues that, if its Amended Complaint is found to not state a claim, it should have the opportunity to amend to plead with more specificity.

Under the liberal federal "notice pleading" standard for complaints, Temple has given notice to Oxford of its claim as a third-party beneficiary. Paragraph 16 of the Amended Complaint states "Oxford was a party to a contract with MultiPlan which obligated Oxford to pay [Temple] in accordance with the MultiPlan Agreement for medical care rendered to persons who were insured by Oxford." This paragraph satisfies both the New York and Pennsylvania tests requiring the third-party beneficiary, in this case Temple, be an intended beneficiary. It would be difficult to imagine a beneficiary to be "more intended" than the third party a contracting party agrees to pay for services rendered.

## B. *Failure To Join An Indispensable Party*

Oxford argues that the actual person, Mr. Tremarcke, receiving the treatment that Temple is seeking payment for is an indispensable party and failure to join Mr. Tremarcke should result in dismissal. To determine if a party is "indispensable" under Federal Rule of Civil Procedure 12(b)(7) and 19, a court must perform a two-step analysis. *Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 705 (3d Cir.1996). The court must first determine if the party to be joined is necessary pursuant to Rule 19(a) and, if the party is necessary, the party must be joined if feasible. *Id.* If the party is necessary but joinder is not feasible, then the court must determine whether that party is indispensable pursuant to Rule 19(b), in other words, whether proceeding without the party would be inequitable or violate good conscience. *Id.*

### 1. *Federal Rule of Civil Procedure 19(a)*

Federal Rule of Civil Procedure 19(a) states:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court

shall order that the person be made a party.

Under Rule 19(a)(1), the first evaluation the Court must make is whether complete relief can be attained between the parties, not between a party and an absent person. *Sindia Expedition, Inc. v. Wrecked & Abandoned Vessel*, 895 F.2d 116, 121 (3d Cir.1990). In *Sindia*, the Court of Appeals for the Third Circuit quoted Professor Moore, who explains that compulsory joinder requires more than "[m]ere theoretical considerations of disposing of the whole controversy ... when it appears unlikely that the absent persons could be affected. Nor is joinder necessary where, although certain forms of relief are unavailable due to a party's absence, meaningful relief can still be provided." *Id.* (quoting 3A Moore's Federal Practice ¶ 19.07–1[1], at 93–98 (2d ed.1989)).

Oxford argues that, without Mr. Tremarcke's involvement, Temple or the defendants may not receive complete relief. Specifically, Oxford asserts that Temple may have to look to Mr. Tremarcke for some or all of the requested payments and would not be able to receive complete relief in his absence. *See Estrella v. V & G Management Corp.*, 158 F.R.D. 575, 580 (D.N.J.1994) (finding that two potential defendants were necessary parties because their absence "could preclude plaintiffs from receiving complete relief"). Oxford does not explain how the absence of Mr. Tremarcke would limit its, or its fellow defendants', ability to receive complete relief. Oxford does argue (but without explanation) that not including Mr. Tremarcke simply because the defendants could assert a third-party complaint is "unfair" because Mr. Tremarcke is the primary obligor.

Temple begins its retort by noting that the interests of Mr. Tremarcke are not important in the Rule 19(a)(1) analysis,

and complete relief is possible between Temple and Oxford without Mr. Tremarcke. According to Temple, the Court could resolve the issue by finding either that Oxford was obligated to pay or that Oxford, for whatever reason, was not obligated to pay. Temple asserts that Mr. Tremarcke is not necessary to determine either one of these issues.

■ Under subsection (a)(2)(i) of Rule 19, the Court must first determine whether disposition of the action without the absent person, in this case Mr. Tremarcke, would result in "some outcome ... that is reasonably likely [to] preclude the absent party with respect to an issue material to the absent party's rights or duties under standard principals governing the effect of prior judgments." *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 409 (3d Cir.1993). In Pennsylvania, a party may be prohibited from relitigating an issue if:

> (1) the issue decided in the prior adjudication was identical with the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action.

*Sanders v. Sanders*, 384 Pa.Super. 311, 558 A.2d 556, 560 (1989). In other words, the effect that would "impair or impede" the rights of the absent party must be "direct and immediate." *Janney*, 11 F.3d at 407. The Court of Appeals in *Janney* specifically noted that joinder of a co-obligor is not a requirement of Rule 19(a)(2)(i). *Id.* at 410.

Under subsection (a)(2)(ii), the Court's role is to protect parties from a "substantial" risk of multiple or inconsistent obli-

gations, not merely a possible risk. *Sindia Expedition*, 895 F.2d at 122. Thus, the Court must "balance the plaintiff's choice of forum against the policies of judicial economy and fairness to other parties." *Id.* In *Janney*, the Court of Appeals found that the risk of "double litigation" does not include the situation where, as here, if a defendant loses, he may, or is likely to, seek recovery or indemnification from the absent party. *Id.* at 411.

Oxford argues that subsection (a)(2) also compels joinder. Oxford first claims that proceeding without Mr. Tremarcke will impede or impair his ability to protect his interests by arguing that a determination that Mr. Tremarcke is not entitled to coverage by Oxford could significantly impair any action he might later bring against Oxford. Oxford also asserts that going forward without Mr. Tremarcke will pose a significant risk of double, multiple, or inconsistent obligations, because, if Oxford establishes that Mr. Tremarcke is not entitled to coverage, Mr. Tremarcke could bring a later action on the same issue. Oxford then states that, because Temple should be compelled to join Mr. Tremarcke as a necessary party, the complaint should be dismissed.

Temple responds to Oxford's arguments by asserting that Mr. Tremarcke would be in no risk of having any future claim precluded regardless of the outcome of this matter, so subsection (a)(2)(i) does not apply. Further, Temple argues that there is little risk of unnecessary litigation, because, if Oxford is found liable, Mr. Tremarcke would have no reason to sue Oxford and would be precluded from doing so. Temple does not address whether unnecessary litigation would result if Oxford were to be found not liable.

### 2. *Angst v. Royal Maccabees Life Insurance Company*

In *Angst*, Plaintiff Robert Angst had sued two insurance companies seeking to recover life insurance proceeds from policies that had named him alternate beneficiary. *Angst*, 77 F.3d at 702. The policies were purchased by Angst's brother, Thomas Angst, and Thomas's wife and they had each individually named the other, i.e. Thomas named his wife and his wife named Thomas, as the primary beneficiary. *Id.* Thomas Angst killed his wife and his son, and then took his own life. *Id.* The Court of Common Pleas appointed David Schiller to be receiver for Thomas E. Angst & Associates, P.C., the deceased's law practice, who filed a motion to intervene in this action. *Id.* The Court of Appeals found that a Rule 19 analysis was necessary to determine if the Court had subject matter jurisdiction, because, if Mr. Schiller were found to be an indispensable party, diversity would be defeated and the action would have to be dismissed. *Id.* at 704.

When performing the Rule 19 analysis, the Court of Appeals reasoned that "Schiller's interest in the litigation would theoretically not come into play until after Angst had received the proceeds, as he seeks to impose a constructive trust on them." *Id.* at 705. Therefore, the Court of Appeals found that complete relief was possible, despite the possibility "that the successful party to the original litigation might have to defend against a subsequent suit." *Id.* However, the Court of Appeals noted that complete relief is not the only possible determination of whether a party is necessary. *Id.* The Court of Appeals went on to consider subsection (a)(2).

The Court of Appeals found that subsection (a)(2)(i) did not apply, because "Schiller would not have a full and fair opportunity to litigate the issue if he were not joined, state would accord no preclusive effect to the federal court judgment. As such, his absence would not, as a practical

matter, impair his interest." *Id.* However, the Court found that subsection (a)(2)(ii) applies because the federal case would not have a preclusive effect on the state action and the existing state court action "would subject the already existing parties to 'needless' multiple litigation." *Id.* at 706. Thus, Schiller was a necessary party. *Id.*

Oxford argues that the current case is similar to *Angst.* Oxford notes that an action is proceeding at this very time between Mr. Tremarcke and GHI in the Eastern District of New York, *Ames v. Group Health Inc.,* bearing Case No. 03–cv–5055 (E.D.N.Y.2003),[4] and this action could result in inconsistent obligations, under Rule 19(a)(2)(ii). Further, having both of these cases active results in "needless multiple litigation." Finally, Oxford argues that, even though it is not a party in the New York action, it is at a risk for multiple obligations, due to Mr. Tremarcke, who is not in privity with Temple, possibly filing a different action before a different court at a later date.

Oxford concedes that different contracts are being disputed in the New York action and this action, but GHI's defense in both actions will be consistent, namely that Mr. Tremarcke was ineligible for coverage under the health insurance plan. Oxford further argues that, because a decision in one will not be binding in the other, GHI is in great risk of getting contradictory findings from the two courts involved.

Oxford argues that Mr. Tremarcke should either be joined, or if he is unable or declines to be joined, then the Court should dismiss this action on the basis that

Mr. Tremarcke is indispensable to the proper resolution of this action. Oxford ends with the argument that Temple could intervene in the New York action, which would allow him an adequate remedy to pursue its claims against GHI, MultiPlan, and Oxford.

### 3. *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*

In *Janney,* the Plaintiff, Janney, had entered into an agreement to assist Defendant Niles, and its parent company, Underwood, in obtaining financing for Niles. *Janney,* 11 F.3d at 402. A dispute eventually arose over the contract, and Janney sued Niles for breach of contract, but not Underwood who was also a signatory of the contract. *Id.* at 403. Niles filed a Motion to Dismiss for failure to join an indispensable party, namely Underwood. *Id.* The Court of Appeals for the Third Circuit rejected the arguments of Niles and found that Underwood was not a necessary party pursuant to Rule 19(a). *Id.* at 405. The Court of Appeals, in analyzing subsection (a)(1), reasoned that, because "the Agreement can be construed to impose joint and several liability, Underwood is not a necessary party under subsection (a)(1) . . . [because] complete relief could be granted between Shepard Niles and Janney without Underwood's presence." *Id.* at 406.

In performing the Rule 19(a)(2) analysis, the Court of Appeals concluded that neither subsections (a)(2)(i) or (a)(2)(ii) applied to this situation. *Id.* The Court of Appeals reasoned that, for subsection

---

**4.** The *Ames* case is a suit by John Ames and Michael Pantony as Trustees of the United Welfare Fund—Welfare Division against GHI under the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.* The claims alleged by the Trustee arise from Mr. Tremarcke's injury. In the Complaint's Request for Relief

(Section B), the Trustees seek "[a]n order directing payment of claims of participant Fred Tremarcke and requiring Defendant GHI to perform and continue to perform all of its obligations under the insurance policy with respect to Mr. Tremarcke." Oxford argues this request is the very same claim being asserted by Temple in this action against GHI.

(a)(2)(i) to apply, "it must be shown that some outcome of the federal case that is reasonably likely can preclude the absent party with respect to an issue material to the absent party's right or duties under standard principles governing the effect of prior judgment." *Id.* at 409. The Court of Appeals found that subsection (a)(2)(i) did not apply because the "mere possibility that [the district court's] decision in [*Janney* ] would be a 'persuasive precedent' in any subsequent state action against Underwood could, as a practical matter, impair or impede Underwood's interest" was not sufficient to make Underwood's joinder compulsory. *Id.* at 411.

The Court of Appeals also rejected the application of subsection (a)(2)(ii) in *Janney,* holding that the risk of double liability is not a threat here where Shephard Niles may be held liable for the entire claim if Underwood is found not liable in the state court. *Id.* The Court of Appeals explicitly found that the normal risk of joint and several liability, namely that one defendant may be obligated to pay the entire debt, does not raise the specter of "double liability" pursuant to Rule 19(a)(2)(ii). *Id.* at 412. Further, a defendant's right to claim contribution or indemnification against another party would give the defendant reason to implead that party pursuant to Federal Rule of Civil Procedure 14, but it does not require compulsory joinder.

Oxford endeavors to distinguish *Janney* by noting that, in that case, Underwood was a party to the same contract as Niles, the defendant before the court, but, in this case, there are different contracts at issue and there is no question that joint and several liability is not an issue here. Oxford then argues that, if the Defendants in this matter were found to be not liable or only partially liable, Temple could file an additional action against Mr. Tremarcke to receive complete relief. *See Estrella v. V & G Management Corp.,* 158 F.R.D. 575, 580 (D.N.J.1994) (finding that two potential defendants were necessary parties because their absence "could preclude plaintiffs from receiving complete relief"); *see also Enza, Inc. v. We The People, Inc.,* 838 F.Supp. 975, 979 (E.D.Pa.1993) (holding that the absent corporate defendant was indispensable because it appeared to be the only defendant who was a party to the contract that was allegedly breached). If Mr. Tremarcke cannot or will not participate in this action, Oxford argues, Temple may be prevented from obtaining complete relief.

Additionally, Oxford argues, in *Janney,* there was no risk of multiple litigation. Oxford asserts that in this situation, Oxford is in danger of being obligated to pay Temple, and later being obligated to pay Mr. Tremarcke in a different action.

■ The Court finds that Mr. Tremarcke is not a necessary party under subsections (a)(1) or (a)(2). The Court of Appeals in *Angst* implied that a party is necessary under Rule 19(a)(1) only if complete relief is impossible without the party, not if a theoretical or possible suit may follow. *See Angst,* 77 F.3d at 705 (finding that complete relief was possible, despite the possibility "that the successful party to the original litigation might have to defend against a subsequent suit" and "Schiller's interest in the litigation would theoretically not come into play until after Angst had received the proceeds, as he seeks to impose a constructive trust on them"). The mere theoretical possibility that Temple may choose to sue Mr. Tremarcke if the defendants prevail in this action is not sufficient to demonstrate that Mr. Tremarcke is necessary. The Court finds that complete relief is possible in this matter between Temple and Oxford regardless of Mr. Tremarcke's presence in the case.

In considering subsection (a)(2)(i), the question for the Court to determine is whether the absent's party ability to protect a claimed interest would be impaired or impeded if not joined in the action. This alleged impairment or impediment must have a "direct and immediate" effect on another proceeding or potential proceeding. *Janney*, 11 F.3d at 407. In this case, Oxford appears to be asserting that Mr. Tremarcke would be significantly impaired or impeded from pursuing any potential claim against Oxford. Of course, Mr. Tremarcke would only claim an interest against Oxford if Temple does not prevail in this action and then sues Mr. Tremarcke and Mr. Tremarcke is found liable to Temple in that potential action. Further, the outcome in this matter would have no preclusive effect on any potential future lawsuit or on the current action before the Eastern District of New York. *See Janney*, 11 F.3d at 411 (holding that "mere possibility that [the district court's] decision in [*Janney*] would be a 'persuasive precedent' in any subsequent state action against Underwood could, as a practical matter, impair or impede Underwood's interest" was not sufficient to make Underwood's joinder compulsory).

The more challenging issue is whether Mr. Tremarcke's absence would subject the already existing parties to multiple obligations, as described in subsection (a)(2)(ii). In *Angst*, the Court of Appeals found that the insurance company defendant was at risk of multiple obligations because it was a defendant in related state and federal cases and could have been obligated to deposit proceeds into two different escrow accounts. *Angst*, 77 F.3d at 706. However, in *Janney*, the Court of

Appeals found that, even though the defendant if found liable would likely sue the alleged necessary party claiming contribution or indemnity and risked owing all of the debt if they did not prevail in this later matter, there was no risk of multiple obligation. *Janney*, 11 F.3d at 411. Specifically, the Court of Appeals found that defendants who are joint and severally liable to a plaintiff always risk owing the complete debt, so there was no additional obligation. *Id.* at 412.

In this case, Oxford claims that it risks facing multiple obligations, namely that it could be found liable to Temple and Mr. Tremarcke could eventually sue Oxford for the same medical treatments.[5] Subsection (a)(2)(ii) refers to a "substantial risk" of multiple obligations, not just a mere possibility of multiple obligations. *Sindia Expedition*, 895 F.2d at 122. Oxford has failed to show more than mere theoretical or hypothetical risks of a possible lawsuit involving Mr. Tremarcke suing Oxford. The risk of such a suit, especially if Temple is successful in this matter and Mr. Tremarcke is not obligated to reimburse Temple, does not appear to be substantial. As such, the Court finds that Mr. Tremarcke is not a necessary party. Because Mr. Tremarcke is not a necessary party in this matter, the Court need not analyze whether Mr. Tremarcke is indispensable under Rule 19(b).

## IV. CONCLUSION

For the reasons discussed above, the Court denies Oxford's Motion to Dismiss. An appropriate Order to be entered consistent with this Memorandum follows.

---

5. Presumably, Oxford is also claiming that the *Ames* case in the Eastern District of New York could result in multiple obligations for Oxford. However, Oxford is not listed as a defendant in that matter. Therefore, Oxford is clearly not at risk of multiple obligations from that matter.

## ORDER

AND NOW, this 29th day of June, 2005, upon consideration of Oxford Health Plan, Inc.'s Motion to Dismiss (Docket No. 18) and the responses and replies thereto, it is hereby ORDERED that Oxford Health Plan, Inc.'s Motion to Dismiss is DENIED. Oxford Health Plan, Inc. shall file and serve its answer to the Amended Complaint within twenty (20) days of the date of this Order.