■ Solow Management Corp., Appellant, v Arista Records, Inc., Respondent. [838 NYS2d 517]—

Order, Supreme Court, New York County (Rosalyn Richter, J.), entered May 16, 2006, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on its first and third causes of action, unanimously affirmed, with costs.

Plaintiff landlord's argument is unpersuasive that defendant tenant's reliance on its leased-based restoration defense to the first cause of action is precluded by equitable estoppel and laches. Equitable estoppel requires a showing of detrimental reliance (*see generally Kohman v Rochambeau Realty & Dev. Corp.*, 17 AD3d 151, 156 [2005]), and here, given the express language on restoration issues in article 34 (C) (3) (c) of the lease and plaintiff's failure to seek a proper modification of those terms, plaintiff has no basis for relying on defendant's conduct in performing the alterations upon receiving approvals. As to laches and defendant's alleged failure to timely assert its reliance on the lease's express restoration requirements, we find those requirements were readily apparent to both parties from the outset. Defendant, in correspondence with plaintiff during the year preceding expiration of the lease, continually referred to its restoration obligations set forth in article 34 (C) (3) (c). As such, plaintiff's contention that defendant untimely raised its leased-based restoration defense is unpersuasive.

Plaintiff's further argument that it is entitled to summary judgment on its third cause of action for attorneys' fees and costs due to defendant's defaults on the lease under article 19 lacks merit. On this record, there are factual issues whether there was a default. Concur—Mazzarelli, J.P., Sullivan, Buckley, Sweeny and Catterson, JJ. [*See* 12 Misc 3d 1177(A), 2006 NY Slip Op 51262(U).]