GRISWOLD SPECIAL CARE OF NEW YORK, INC., Respondent, v EXECUTIVE NURSES HOME CARE, INC., Appellant. [887 NYS2d 672]—

In an action, inter alia, in effect, to recover an escrow deposit, the defendant appeals from (1) a judgment of the Supreme Court, Nassau County (Warshawsky, J.), dated April 9, 2008, which, upon so much of an order of the same court entered April 3, 2008, as granted that branch of the plaintiff's motion which was for summary judgment and directed that the plaintiff be awarded statutory prejudgment interest, is in favor of the plaintiff and against it in the principal sum of $402,000, plus prejudgment interest in the sum of $26,266.80 and costs in the sum of $600, and (2) a money judgment of the same court entered June 13, 2008, which, upon so much of the order entered April 3, 2008, as granted that branch of the plaintiff's motion which was for an award of an attorney's fee and upon an order of the same court entered April 21, 2008, referring the matter to a Court Attorney Referee to hear and determine all issues relating to an award of an attorney's fee, and after an inquest, is in favor of the plaintiff and against it for an attorney's fee in the principal sum of $60,574.80.

Ordered that the judgment dated April 9, 2008, is modified, on the law, by deleting the provision thereof awarding the plaintiff statutory prejudgment interest in the sum of $26,266.80; as so modified, the judgment dated April 9, 2008, is affirmed, without costs or disbursements, and the order entered April 3, 2008, is modified accordingly; and it is further,

Ordered that the judgment entered June 13, 2008, is reversed, on the law, without costs or disbursements, that branch of the plaintiff's motion which was for an award of an attorney's fee is denied, the order entered April 9, 2008, is modified accordingly, and the order entered April 21, 2008, is vacated.

The plaintiff entered into a contract with the defendant to purchase certain assets of the defendant's home health care agency. On or about May 16, 2006, the plaintiff deposited the purchase price into escrow. However, on or about July 19, 2007, the plaintiff notified the defendant of its intention to terminate

the agreement. The plaintiff subsequently commenced this action, inter alia, to recover damages for breach of contract, in effect, to recover the escrow deposit. The Supreme Court granted that branch of the plaintiff's motion which was for summary judgment, and awarded the plaintiff pre-judgment interest. After an inquest, the Supreme Court also granted that branch of the plaintiff's motion which was for an award of an attorney's fee.

The Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment. The contract provided that the plaintiff was entitled to terminate the agreement if the necessary licenses and permits required for it to operate the defendant's business were not issued within nine months of the date of the agreement. It is undisputed that these licenses were not obtained within that time. Accordingly, the plaintiff established its prima facie entitlement to summary judgment (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Zuckerman v City of New York, 49 NY2d 557 [1980]). In opposition, the defendant failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324). The fact that the plaintiff may have continued its efforts to obtain the required licenses and/or permits did not establish that it waived its right to terminate the contract (see Golfo v Kycia Assoc., Inc., 45 AD3d 531, 532-533 [2007]; BDG Oceanside, LLC v RAD Term. Corp., 14 AD3d 472, 474 [2005]; Greenberg v Tekhomes, Inc., 209 AD2d 469, 471 [1994]).

Under the circumstances presented here, the Supreme Court improvidently exercised its discretion in awarding statutory prejudgment interest to the plaintiff (see generally CPLR 5001 [a]; Manufacturer's & Traders Trust Co. v Reliance Ins. Co., 8 NY3d 583, 588-590 [2007]).

Finally, the Supreme Court improperly awarded an attorney's fee to the plaintiff under the agreement. The agreement provided that each party would indemnify the other party for costs, including an attorney's fee, resulting from its "material breach" of the agreement. However, the Supreme Court did not find that the defendant breached the agreement. Consequently, the award of an attorney's fee was improper (see Petrovich v Obradovic, 40 AD3d 1063, 1065 [2007]; cf. Solow Mgt. Corp. v Arista Records, Inc., 41 AD3d 219 [2007]; see generally Hooper Assoc. v AGS Computers, 74 NY2d 487 [1989]). Mastro, J.P., Balkin, Dickerson and Lott, JJ., concur. [See 2008 NY Slip Op 31021(U).]