■ ANTHONY GORDON et al., Appellants, v CHRIS CURTIS, Respondent, et al., Defendants. [893 NYS2d 6]—

Plaintiff's fraud cause of action is barred by the statute of limitations. Plaintiffs claim that they did not discover the alleged fraud until late 2006 or early 2007 and could not with reasonable diligence have discovered it sooner (*see* CPLR 213 [8]). However, only a few months after their application to purchase a cooperative apartment was rejected, in 1998, plaintiffs were approved for the purchase of another apartment in the building. Although this sequence of events should fairly have aroused their suspicion, plaintiffs, who as shareholders in the cooperative were in a position to try to discover the reason for the rejection, apparently made no such effort in the nine years between that rejection and the return of the original apartment to the market in 2007 (*see Higgins v Crouse*, 147 NY 411, 415-416 [1895]).

The statute of limitations is not tolled by application of the doctrine of equitable estoppel, since, although plaintiffs complain about the perfunctory nature of the minutes of the Board meeting at which their original application was rejected, they do not allege that they relied on those minutes to their detriment (*see Solow Mgt. Corp. v Arista Records, Inc.*, 41 AD3d 219 [2007]). Indeed, plaintiffs did not inspect the minutes until 2007. Nor was the statute of limitations tolled by defendant Curtis's absence from the state, since the court could have obtained jurisdiction over the nondomiciliary Curtis under the long-arm statute, based on his ownership, use or possession of the cooperative apartment (*see* CPLR 207 [3]; 302 [a] [4]; *Matter of State Tax Commn. v Shor*, 43 NY2d 151, 154 [1977]; *Marie v Altshuler*, 30 AD3d 271, 272 [2006]).

In any event, the complaint fails to state a cause of action. The breach of contract cause of action does not identify the express provision that defendants allegedly breached (*see 767 Third Ave. LLC v Greble & Finger, LLP*, 8 AD3d 75, 75 [2004]), and the allegations of the fraud cause of action are insufficiently specific (*see id.* at 75-76).

We have considered plaintiffs' remaining arguments and find them unavailing.

We decline to award sanctions against plaintiffs for pursuing

this appeal. Concur—Friedman, J.P., Sweeny, Freedman and Abdus-Salaam, JJ.