In an action, inter alia, to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Queens *819 County (Agate, J.), dated February 22, 2012, which granted the motion of the defendant DiFama Concrete, Inc., for summary judgment dismissing the amended complaint insofar as asserted against it.
Ordered that the order is reversed, on the law, with costs, and the motion of the defendant DiFama Concrete, Inc., for summary judgment dismissing the amended complaint insofar as asserted against it is denied.
As noted by the Supreme Court, in the absence of a contractual relationship, the plaintiff cannot recover solely for economic losses arising out of the two subject construction accidents that occurred on January 14, 2008, and March 10, 2008, respectively, allegedly caused by the negligence of the defendant DiFama Concrete, Inc. (hereinafter DiFama), unless DiFama’s negligence caused the plaintiff both property damage and economic loss (see 532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d 280 [2001]; Roundabout Theatre Co. v Tishman Realty & Constr. Co., 302 AD2d 272 [2003]; A & L Gift Shop v ASA Waterproofing Corp., 2005 NY Slip Op 30482[U] [Sup Ct, NY County 2005]). Although DiFama established, prima facie, that it had no contractual relationship with the plaintiff, and that the plaintiff cannot be considered a third-party beneficiary of the construction contract between DiFama and the construction manager, Bovis Lend Lease LMB, Inc. (hereinafter Bovis) (see generally State of Cal. Pub. Employees’ Retirement Sys. v Shearman & Sterling, 95 NY2d 427, 434-435 [2000]; Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 336 [1983]; BDG Oceanside, LLC v RAD Term. Corp., 14 AD3d 472, 473 [2005]; Lake Placid Club Attached Lodges v Elizabethtown Bldrs., 131 AD2d 159, 162 [1987]), the Supreme Court erred in granting DiFama’s motion for summary judgment dismissing the amended complaint insofar as asserted against it. DiFama failed to establish its prima facie entitlement to judgment as a matter of law by tendering proof demonstrating the absence of any triable issue of fact as to whether its alleged negligence in relation to the January 14, 2008, accident caused damage to the plaintiffs property (see CPLR 3212 [b]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Contrary to the Supreme Court’s determination, the subject pipe sleeves installed by the plaintiff prior to the accident on January 14, 2008, continued to be the plaintiffs property after the accident. Thus, any damage to the pipe sleeves caused by DiFama’s alleged negligence would be recoverable by the plaintiff. Dillon, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.